STEPTOE, JUDGE:
Joyce Ann Fortner brings this action for personal injuries sustained, for medical expenses incurred, and for loss of income sustained as a result of a two-car collision which occurred on August 8,1990, at the intersection of West Pea Ridge Road and Irwin Road, in an unincorporated residential area of Cabell County, West Virginia.
Claimant alleges that the proximate cause of the accident was the failure of respondent to maintain properly a stop sign previously erected at the intersection.
Respondent contends that it was not aware that said stop sign was not in place at the time of the accident, and that its failure to replace the sign is not actionable; and that the accident was caused solely by the joint negligence of the claimant and of the operator of the second vehicle, Margaret A. Daniels.
It appears to the Court, as the trier of fact, from the evidence adduced from a hearing conducted on April 20,1994, that the accident occurred at about 6:45 p.m., that the weather was clear and the road surfaces were dry; that the intersection was designated and marked by a stop sign at each of four approaches, but that the stop sign controlling traffic from the east was not in place, or visible to a motorist approaching from the east, but had in fact been lying on the ground below the surface and not far from the point at which for two weeks or so it had been erected; that the speed limit on West Pea Ridge Road was 35 miles per hour; that there were no eyewitnesses to the accident except Mrs. Fortner and Mrs. Daniels; and that each of the two intersection public roads was a two-lane road.
It further appears from the evidence that Mrs. Fortner had approached the intersection, which was familiar to her, from the west on West Pea Ridge Road, intending to stop at the intersection as required, and to make a left turn into and upon Irwin Road and then to proceed in a northerly direction on Irwin Road. In fact she did come to a full stop, at the intersection at a point from which she could see traffic approaching from the north, from the south, and from the east; she testified that she looked and determined that there was no approaching traffic, and then entered the intersection, making a turn to her left or northward, and the right side of her vehicle was struck by the Daniels vehicle, apparently within the intersection.
It further appears from the evidence that Mrs. Daniels, who, unaccountably, did not testify, had approached the intersection, on West Pea Ridge Road, from the east, and that she made no effort to stop at the intersection, for whatever reason, if any, and struck the Fortner vehicle.
The unimpeached testimony of one of the respondent’s witnesses, was that, from the *100 place at which Mrs. Fortner brought her vehicle to a stop, before entering the intersection, she had a clear view of West Pea Ridge Road, to the east, from which direction the Daniels car was proceeding, for a distance of 425 feet. If Mrs. Daniels had been traveling at the speed limit of 35 miles per hour, it would have taken her over eight seconds to reach the intersection, and had she been traveling at a lower speed, it would have taken even longer to reach the intersection. In short, Mrs. Fortner had eight seconds in which to see a clearly observable object, and did not see it, in spite of having looked for it.
At the hearing, the claimant acknowledged that she had received $12,000.00 from Mrs. Daniels’ insurer.
Such are the Courts findings of the significant and salient facts.
The first conclusion of law reached by the Court is that the respondent was not negligent with respect to its failure to have a stop sign in place to control movement of westbound traffic on West Pea Ridge Road. True, the respondent having erected the sign, had a duty to maintain it, but that duty does not entail maintenance of 24-hour watch over it, and the rule has been, and is that the duty to repair or replace commences with actual notice of the fact of failure of the sign, of which fact respondent’s constructive notice, of which, in this case, there is no proof. If there be no duty, there can be no negligence in failing to perform a duty.
Our second conclusion of law is that claimant herself was negligent in producing the accident by her failure to comply with the West Virginia statute regulating a left turn at an intersection, Code §17-9-2, which provides that:
The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this chapter, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right-of-way to the vehicles (sic) making the left turn.” (Emphasis supplied.)
It is obvious to the Court that 1) claimant could have seen the approaching Daniels vehicle for eight seconds but waited until the last second or two to enter the intersection, when the Daniels vehicle was an immediate hazard. There is no evidence, furthermore, of her having made a left turn signal as required by statute, to give notice to approaching driver on the same road.
In view of our conclusion that respondent was not negligent, and that the claimant was negligent, we deem it unnecessary to discuss the evidence as to damages.
*101 Claim disallowed.